| | | | |
|---|---|---|---|
| Case No. | CV 19-5590-PA (KK) | Date: | August 20, 2019 |
| Title: | *Kirk Harris v. T. Engels, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why (1) Official Capacity Claims for Monetary Damages, (2) Claims for Violation of the Eighth Amendment, and (3) Claims Against Dr. Galstain, Garret, and Jordan Should Not Be Dismissed for Failure to State a Claim

## I.
## INTRODUCTION

Plaintiff Kirk Harris ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against various psychologists and librarians at California State Prison – Los Angeles County ("CSP-LAC") in their individual and official capacities for denial of adequate medical care and denial of access to courts. Based upon the Court's review of the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, several claims appear subject to dismissal. Hence, as set forth below, the Court hereby grants Plaintiff an opportunity to (a) proceed on his claim for denial of access to courts against defendants Engels, Porter, Rocke, and Friedman and voluntarily dismiss the remaining deficient claims; or (b) file a First Amended Complaint curing the deficiencies identified below.

///
///
///
///
///
///
///

# II.
# ALLEGATIONS IN THE COMPLAINT

On June 26, 2019,[1] Plaintiff, an inmate at CSP-LAC, filed the instant Complaint against defendants T. Engels, A. Porter, Dr. C. Galstain, T. Garret, C. Jordan, E. Rocke, and Friedman ("Defendants") in their individual and official capacities. Plaintiff alleges defendants Engels, Porter, Galstain, Garret, and Jordan, who are all psychologists at CSP-LAC, violated his Eighth and Fourteenth Amendment rights by denying him adequate medical care and access to courts. Plaintiff alleges defendants Rocke and Friedman, who are librarians at CSP-LAC, violated his Fourteenth Amendment rights by denying him access to courts.[2]

According to the Complaint, Plaintiff has a mental disability and has been diagnosed with "developmental disability 1" in the past because his reading level is 1.7. Dkt. 1 at 6. Plaintiff alleges he is unable to challenge his conviction through habeas proceedings because of his developmental disabilities. Id. at 6-7.

Plaintiff was convicted of two counts of robbery and is currently serving his sentence for this conviction. See People v. Harris, No. F061768, 2012 WL 3222309, at *2 (Cal. Ct. App. Aug. 9, 2012).[3] Upon completion of his direct appeal of his conviction in 2012, Plaintiff alleges he requested "developmental disability legal assistance" and learned that he had been de-classified from "developmental disability 1." Dkt. 1 at 6-7. Plaintiff was interviewed by two psychologists in 2015 who stated he "needed assistance." Id. In January 2016, however, Plaintiff was tested by psychologist defendants Garret and Jordan, but they would not "resubmit" him or classify him as "developmental disability 1." Id. at 7-8. In 2017, Plaintiff requested legal assistance due to his developmental disability, but psychologist defendant Engels refused to provide him assistance. Id. Plaintiff then submitted a grievance to senior psychologist defendant Porter, who refused to provide legal assistance or classify Plaintiff as "developmental disability 1." Id. at 8. Finally, the librarians defendants Friedman and Rocke refused to provide Plaintiff with legal assistance in preparing his habeas filings, which they knew they were required to do based on Plaintiff's illiteracy and 1.7 grade point average. Id.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). While Plaintiff would be entitled to the benefit of the mailbox rule, because the Complaint is undated, the Court will use the date the Court received the Complaint as the filing date for purposes of this Order.

[2] Because the right of access to courts falls under the First Amendment, the Court liberally construes the claims against Defendants for violation of the "Fourteenth Amendment" to be alleging a violation of Plaintiff's First Amendment right of access to the court.

[3] The Court takes judicial notice of Plaintiff's prior proceedings in this Court and in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Plaintiff seeks monetary damages as well as an injunction requiring the California Department of Corrections and Rehabilitation to (1) classify Plaintiff as developmental disability 1; and (2) "provide legal assistance as require[d] for inmates classified as developmental disability 1." Id. at 9.

## III.
## STANDARD OF REVIEW

Where a plaintiff is a prisoner or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th

Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS FOR MONETARY DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

#### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

#### 2. Analysis

Here, Plaintiff's claims against Defendants in their official capacity for monetary damages are barred by the Eleventh Amendment. See Graham, 473 U.S. at 169-70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Thus, Plaintiff's claims against Defendants in their official capacity for monetary damages are subject to dismissal.

### B. THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM

#### 1. Applicable Law

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a deliberate indifference claim, a prisoner plaintiff must allege facts demonstrating the defendant: (1) deprived him of an objectively serious

medical need, and (2) acted with a subjectively culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'"  Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'"  Id. at 1082 (quoting Farmer, 511 U.S. at 837).  The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).  In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

**2.    Analysis**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim.  Plaintiff fails to describe any objectively serious medical need of which he was deprived.  See Wilson, 501 U.S. at 297.  Plaintiff alleges the failure to designate him developmentally disabled resulted in a lack of access to courts, not a denial of any medical need.  Moreover, a difference in medical judgment or opinion between Plaintiff's prior doctors who designated him developmentally disabled and Defendants does not rise to the level of a constitutional violation.  See Toguchi, 391 F.3d at 1060.  Thus, Plaintiff's Eighth Amendment claims are subject to dismissal.

**C.    THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT ACCESS TO COURTS CLAIM AGAINST DEFENDANTS GALSTAIN, GARRET, AND JORDAN**

**1.    Applicable Law**

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Lewis, 518 U.S. at 351.

To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002); Phillips, 588 F.3d at 655. The type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Lewis, 518 U.S. at 354. "When any inmate, even an illiterate or non-English-speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish 'adequate law libraries or adequate assistance from persons trained in the law.'" Id. at 356-57 (quoting Bounds, 430 U.S. at 828); see also Hawkins v. California, No. 1:09-CV-01705-LJO, 2013 WL 4402042, at *5 (E.D. Cal. Aug. 15, 2013), report and recommendation adopted, 2014 WL 508652 (E.D. Cal. Feb. 6, 2014) (finding developmentally disabled inmate who was denied assistance from the law librarian in filing a habeas petition sufficiently stated a claim).

   **2.    Analysis**

Here, Plaintiff fails to allege defendants Galstain, Garret, or Jordan refused to provide him with assistance in preparing a habeas petition. Plaintiff only alleges defendants Garret and Jordan refused to classify him as developmental disability 1. Plaintiff does not allege any specific factual allegations against defendant Galstain. Plaintiff, therefore, fails to allege defendants Galstain, Garret, or Jordan took any actions specifically directed at preventing Plaintiff's access to courts. Thus, Plaintiff's First Amendment access to courts claims against defendant Galstain, Garret, and Jordan are subject to dismissal.

## V.
## ORDER

For the foregoing reasons, the above referenced claims are subject to dismissal. Accordingly, IT IS ORDERED THAT **within twenty-one (21) days of the service date of this Order,** Plaintiff choose one of the following two options:

   1.    Plaintiff may voluntarily dismiss the deficient claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the deficient claims.

If Plaintiff would like to proceed in this action on the current Complaint with a First Amendment access to courts claim against defendants Engles, Porter, Friedman, and Rocke in their individual and official capacities, Plaintiff shall file a Notice of Dismissal voluntarily dismissing the following deficient claims: (1) all claims for monetary damages against all Defendants in their official capacity; (2) all claims against defendants Galstain, Garret, and Jordan; and (3) all Eighth Amendment claims.

   2.    Alternatively, Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District

civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use if he chooses to file a First Amended Complaint.

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and be written on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as **nonexistent**. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is **waived** if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. The Court advises Plaintiff, however, that it generally will not be well-disposed toward dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Hence, if Plaintiff asserts a claim in a First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in the deficient claims being dismissed with prejudice for failure to state a claim.**

**IT IS SO ORDERED.**